```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   BLUEFIELD DIVISION
```

**REBECCA MEADOWS,**

    **Plaintiff,**

v.                                    CIVIL ACTION NO. 1:04-1160

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**

## MEMORANDUM OPINION

### I.  Background

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendation on February 28, 2006, in which he recommended that the court deny plaintiff's motion for judgment on the pleadings, grant defendant's motion for judgment on the pleadings, affirm the final decision of the Commissioner, and dismiss this matter from the active docket of the court.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation.  Plaintiff timely filed objections to the magistrate judge's Proposed Findings and Recommendation.

At the outset, the court notes that judicial review in social security cases is quite limited.  The magistrate judge's review is to determine if the decision of the Administrative Law Judge

("ALJ") is supported by substantial evidence and that he or she applied the proper legal standards. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. Under § 636(b)(1), a district court is required to conduct a de novo review of those portions of the magistrate judge's report to which a specific objection has been made. The court need not conduct de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Fed. R. Civ. P. 72(b) ("The district court to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").

Defendant's objections are, for the most part, general and conclusory and fail to direct the court to any specific error in Magistrate Judge VanDervort's Proposed Findings and Recommendation. For example, plaintiff writes: "Plaintiff has set forth in her initial brief the specific bases upon which she submits the decision of the Administrative Law Judge is not supported by substantial evidence and requires vacation. At this point, plaintiff reasserts those grounds and requests thorough and complete examination of those grounds by this court." Objections at 2. Distilled to their essence, plaintiff's objections are 1) the ALJ got it wrong, and 2) because the magistrate judge found the

2

ALJ's decision was supported by substantial evidence, he got it wrong too.

In any event, the court has reviewed the record to determine whether the ALJ's decision is supported by substantial evidence, which is defined as something "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id.

## II.  Objections and Analysis

Plaintiff argues that the ALJ did not properly consider the combination of her impairments.  She states that "[i]n some respects, the ALJ does this by simply disregarding the limitations in finding that the evidence which establishes them is not entitled to significant weight. In other respects, he does this by simply looking at the evidence in a vacuum and not in relation to those other limitations and how they may be intertwined." Plaintiff's Brief at 9.  Plaintiff emphasizes that her pain and limitations derive from her back, foot condition, history of cancer and its treatment, and panic attacks, and her residual functional capacity should be determined in consideration of all of the evidence together.

> The Social Security Regulations provide that:
>
> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.

20 C.F.R. § 404.1523 (2004).  Where there is a combination of impairments, the issue "is not only the existence of the problems,

but also the degree of their severity, and whether, together, they impaired the claimant's ability to engage in substantial gainful activity." Oppenheim v. Finch, 495 F.2d 396, 398 (4th Cir. 1974). The ailments should not be fractionalized and considered in isolation, but considered in combination to determine the impact on the ability of the claimant to engage in substantial gainful activity. Id. The cumulative or synergistic effect that the various impairments have on claimant's ability to work must be analyzed. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983).

Although plaintiff argues that the ALJ did not properly consider the combination of her impairments, even a cursory reading of the ALJ's decision shows that this argument fails.

Plaintiff identified four impairments from which she allegedly suffered: 1) plantar fascitis, 2) a pulmonary impairment, 3) orthopedic impairments of the lumbar spine, and 4) panic attacks. Tr. at 62. In his decision, the ALJ specifically found that plaintiff's "impairments of degenerative joint disease, residuals of lung cancer [post surgery], and plantar fasciitis with foot pain are `severe' as that term is defined in the Regulations." Tr. at 20-21. He then went about summarizing the medical evidence of record regarding the aforementioned impairments. He also discussed plaintiff's alleged panic attacks and his reasons for determining that she did not have a severe mental impairment.

The ALJ also considered all plaintiff's impairments in combination in assessing plaintiff's complaints of pain. The ALJ noted:

> While the claimant does suffer from medically

4

> determinable impairments capable of causing some pain and other limitations, the claimant is not credible that she actually suffers from the pain and limitations to the extent that she alleges.  At the hearing, claimant alleged inability to lift more than minimal weight, stand more than brief periods, or sit more than 15 minutes before changing position.  However, the record does not support such stringent limitations.  The medical evidence of record documents degenerative disc disease, but MRI in July 2001 indicates that lumbosacral degenerative changes are only mild in severity and do not cause significant nerve root compression or thecal sac compression. Additionally, clinical findings are negative for muscle spasm, pathological reflexes, altered sensation, or other neurological deficits. Claimant had left thoracotomy for resection of carcinoid tumor in May 2000, but subsequent records document good pulmonary function with no evidence of recurrence.  In September 2000, claimant acknowledged that she was having only "mild" shortness of breath and was able to perform daily activities without difficulty. Claimant has bilateral plantar fasciitis, but records indicate that the condition has responded well to injections, night splinting, and anti-inflammatory medication.  Treatment for all conditions, apart from surgery in 2000, has been  rather conservative, and Dr. Harron, the treating neurosurgeon, has indicated that claimant is not a candidate for surgical intervention.

Tr. at 23.

Furthermore, as to plaintiff's residual functional capacity, the ALJ included limitations taking into account all her documented impairments:

> The undersigned concurs with the opinions of the reviewing physicians that the claimant is capable of a range of light work with occasional climbing, balancing, stooping, kneeling, crouching, and crawling and no concentrated exposure to extreme cold or hear, to dust, fumes, odors, etc., and to hazards (Exhibit 7F).  To further accommodate foot pain, the claimant should not push/pull repetitively with the lower extremities, such as operating foot controls. These limitations reasonably accommodate the claimant's pain complaints and are consistent with the overall records, including claimant's activities of daily living and the office reports of

various treating and examining physicians.
Tr. at 23.

Although plaintiff argues that the ALJ did not consider all the impairments, his decision suggests otherwise. This contention is not supported by the ALJ's decision which makes clear that he considered all of plaintiff's impairments. <u>See, e.g.</u>, <u>Hill v. Massanari</u>, 155 F. Supp.2d 1250, 1267 (D. Kan. 2001) ("Plaintiff does not specifically state why she thinks the ALJ did not consider her impairments in combination and the Court will not ignore this explicit language in the ALJ's findings which states that he did properly consider in combination those impairments he found credible.").

The role of this court on review is to determine whether substantial evidence supports the ALJ's decision. 42 U.S.C. § 405(g); <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). Upon review of the record, the court finds ample evidence to conclude the ALJ considered plaintiff's combination of impairments. Accordingly, plaintiff's objection is OVERRULED.

<u>CONCLUSION</u>

For the reasons set forth above, the court OVERRULES plaintiff's objections to the Magistrate Judge's Findings and Recommendation. Accordingly, the court adopts his Findings and Recommendation and DENIES plaintiff's motion for judgment on the pleadings, GRANTS defendant's motion for judgment on the pleadings,

AFFIRMS the final decision of the Commissioner, and DISMISSES this case from the active docket of the court. A separate Judgment Order of even date herewith will be entered.

The Clerk is directed to forward a certified copy of this Memorandum Opinion to counsel of record. The Clerk is further directed to remove this action from the active docket of this court.

**IT IS SO ORDERED** this 21st day of March, 2006.

ENTER:

*David A. Faber*
David A. Faber
Chief Judge